UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. ROBERT LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2034 (RC) |
| | ) | |
| N.E.C.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff initially filed this civil action on August 6, 2018 in the Superior Court of the District of Columbia against National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers ("IBEW"), IBEW Local 26, and J.E. Richards Electrical ("J.E. Richards"). NECA removed the action on August 30, 2018. This matter has come before the Court on the defendants' motions to dismiss. For the reasons discussed below, the Court grants their motions and dismisses the case.[1]

According to plaintiff, defendants are a part of a "130 billion dollars [sic] industry, which controls the D.C. MD. & VA. tri-state area, there [sic] political action committees, organized crimes unions, members, judges, police, F.O.P. and others," Compl. ¶ 2, who are conspiring to cause plaintiff harm, *see id*. ¶ 3. Defendants allegedly violate "the Constitution, Bill of Rights, "Equal Protection", federal and state code, rules and regulations, has [sic] established it's [sic]

---

[1] In addition, the Court denies plaintiff's Motion for Temporary or Permanent Injunction, Motion to Remove [ECF No. 15] and Emergency Motion for Partial Summary Judgment [ECF No. 18] as moot and failure to meets the standards of Fed. R. Civ. P. 56.

1

own set of rules and regulations, to violate the rights protecting the plaintiff, in enjoying that industry controlled by the defendants and engaged in violations of the racketeering and corrupt organization act . . . , the 1964 Civil Rights Act, the Americans with Disability Act and the 1974 Vietnam Era Veterans Act." *Id*. ¶ 4. Plaintiff demands "$7 billion dollar$, in damage, pain, suffering, [and] business and property injury[.]" *Id*. ¶ 3.

Defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's complaint fails to state a claim upon which relief can be granted. Generally, a complaint need only contain "a short and plain statement of the claim" in order to give each defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A complaint survives a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When considering a Rule 12(b)(6) motion, the Court presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). But, "the [C]ourt need not accept inferences drawn by plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Even though the Court holds a *pro se* complaint to a "less stringent standard[]" than would be applied to a complaint drafted by a lawyer, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam)

(internal quotation marks and citation omitted), the complaint "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal* 556 U.S. at 678-79), by the defendants.

The Court has reviewed the complaint carefully and does not identify facts to support a cognizable legal claim. Plaintiff asserts violations of the United States Constitution and assorted federal statutes, yet his complaint fails to set forth facts sufficient to state a plausible claim for relief. Rather, the complaint consists almost entirely of conclusory statements, and it is so lacking in factual allegations that it must be dismissed. *See Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001) ("[T]he less stringent standard for *pro se* plaintiffs does not compel courts to conjure up unpleaded facts to support conclusory allegations."); *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 20 (D.D.C. 2009) (dismissing "incomprehensible" complaint "lack[ing] both factual allegations and cohesive arguments").

An Order is issued separately.

DATE: January 30, 2019   /s/
RUDOLPH CONTRERAS
United States District Judge